## WILLIAM REILLY, ET AL. *v.* FOUNTAIN YOUNG.

[Abstract Kentucky Law Reporter, Vol. 5—692, as Reiley v. Young.]

**Jurisdiction in Judicial Sale.**

A judgment of sale of land is within the jurisdiction of the court where the land lies in the county where the court sits, and is sold at the county seat, and the fact that the land sold for less than two-thirds of its value will not prevent the issuing of the writ of possession, where the notes upon which the judgment of sale was entered were executed before the law was enacted requiring such property to be appraised before being sold.

### APPEAL FROM KENTON CIRCUIT COURT.

February 16, 1884.

OPINION RY JUDGE PRYOR:

We see nothing in this case upon which to base a reversal. The judgment of sale was executed by the commissioner and the property advertised in the manner directed by law. The report of sale was confirmed without any objection. A defense was made resisting a recovery and the appearance of the party entered without any objection to the judgment being rendered other than is found in the defense made, that goes to the merits of the controversy. It is not assigned for error that the judgment was erroneous on the merits, but that the court had no jurisdiction.

The land was in Kenton county and the same was sold at the county seat, Independence. The fact that the property sold for less than two-thirds of its value did not prevent the issuing of the writ of possession, as the notes were executed before the enactment of the law requiring such property to be appraised when sold by order of the chancellor. The property may have sold for less than its

value, but this court is powerless to reverse the judgment upon that ground.

Judgment *affirmed*.

R. D. Handy, for appellants.

Eginton & Gray, for appellee.